

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BOARD OF TRUSTEES OF THE LOCAL )
UNION NO. 422 U.A. OF JOLIET, )
ILLINOIS PENSION FUND AND )
BOARD OF TRUSTEES OF THE LOCAL )
UNION NO. 422 U.A. OF JOLIET, ) No. **08CV0211**
ILLINOIS WELFARE FUND, )
) Judge **JUDGE COAR**
        Plaintiffs, ) **MAG. JUDGE DENLOW**
) Magistrate
v. )
)
HILDEMAN PLUMBING, INC., )
an Illinois corporation, and RANDY )
HILDEMAN, Individually, )
)
        Defendant. )

FILED
Jan 9, 2008
JAN - 9 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, HILDEMAN PLUMBING, INC., an Illinois corporation, and RANDY HILDEMAN, Individually, as follows:

### COUNT 1

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

    (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS PENSION FUND AND BOARD OF

TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, ILLINOIS WELARE FUND, ("the Funds") and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers & Pipefitters Local 422 and its affiliated local (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

    (c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.    (a)    Defendant, HILDEMAN PLUMBING, INC., (**"Hildeman"**) is an Illinois corporation and is an employer engaged in an industry affecting commerce.

5.    Since on or about August 26, 2004, **Hildeman** has entered into successive collective bargaining agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees. (Exhibit "A")

6.    By virtue of certain provisions contained in the collective bargaining agreements, **Hildeman** is bound by the Trust Agreement establishing the Funds.

7.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **Hildeman** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since August 26, 2004, **Hildeman** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds and by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. Plaintiffs are advised and believe that for **January 1, 2006 to the present, Hildeman** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. **Hildeman** be ordered to submit to an audit for **January 1, 2006 to the present.**

B. Judgment be entered against **Hildeman** and in favor of Plaintiffs, in the amount shown to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D. **Hildeman** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1-9 Plaintiffs repeat and reallege Paragraphs 1-9 of Count I as Paragraphs 1-9 of Count II.

10. Defendant, **RANDY HILDEMAN** ("**RANDY**") is, on information and belief owner and operator of Defendant, **HILDEMAN PLUMBING, INC.**

11. **RANDY** co-signed and guaranteed the Installment Note entered into by **HILDEMAN PLUMBING, INC.** (Exhibit B)

12. The Note is in default since August 1, 2007. There is an unpaid balance of **$26,666.68** on the Plumbers Local 422 Note.

13. Default on the Note accelerates the entire balance due.

14. **RANDY** has failed to make payment despite repeated demand for payment.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, **RANDY** in the amount of **$26,666.68** for the Glaziers Local No. 27.

Respectfully submitted,

**BOARD OF TRUSTEES OF THE LOCAL UNION NO. 422 U.A. OF JOLIET, et al.**

By: _____
One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Boulevard
Chicago, IL 60604
(312) 236-0415

4

## MEMORANDUM OF AGREEMENT

THIS AGREEMENT is entered into between PLUMBERS AND PIPEFITTERS LOCAL 422 ("the Union"), and __Hildeman Plumbing, Inc._____, "the Employer").

1. Employer hereby recognizes the Union as the sole and exclusive collective bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union with respect to wages, hours of work, fringe benefits and all other terms and conditions of employment in the geographic jurisdiction of Local 422, including all or portions of Will, Grundy, Kankakee, Iroquois, LaSalle, Bureau, Putnam, Kendall, Marshall, Livingston and Woodford counties and whatever additional jurisdiction may be awarded by the United Association and such other work which the Union may hereafter acquire jurisdiction.

2. The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's plumbers and/or pipefitters apprentices, helpers, service and maintenance and residential employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent a majority of these employees in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

3. The Employer affirms the Collective Bargaining Agreements between the Union and the Plumbing and Mechanical Contractors Association, Joliet and all subsequent amendments thereto for the period June 1, __2004__ through May 31, __2005__.

4. The Employer agrees to pay the amounts it is bound to pay under the Collective Bargaining Agreement to the Pension Fund, Welfare Fund, Training and Industry Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such funds.

5. This Agreement shall become effective upon signature and shall remain in full force and effect through May 31, __2005__ and continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice newly negotiated area wide Agreements between the Union and the Associations with all improvements, modifications and amendments thereto and incorporating them herein.

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall rely upon such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures.

IN WITNESS WHEREFORE, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this __26th__ day of __August_____, 2004.

EMPLOYER: __Hildeman Plumbing, Inc.__    _[signature]_
                                          Gary Blankenship
__Randy Hildeman, President__             Business Manager
NAME & TITLE (PRINT)                      Plumbers & Pipefitters Local 422

ADDRESS: __980 N Main Street_____

__Crete, IL 60417__
_[signature]_
SIGNATURE

EXHIBIT A

## INSTALLMENT NOTE

$46,000.00                                                                                           February 19, 2007

For Value Received, the undersigned promises to pay to the order of _____
**PLUMBERS & PIPEFITTERS LOCAL 422 FRINGE BENEFIT FUNDS**            the principal sum of
**FOURTY THREE THOUSAND SEVEN HUNDRED FOUR and 32/100 ($43,704.32)**            Dollars

Payable in installments as follows:

**THREE THOUSAND EIGHT HUNDRED THIRTY THREE and 00/100 ($3,833.33)**            Dollars
on the     1st     day of            MARCH            2007
**THREE THOUSAND EIGHT HUNDRED THIRTY THREE and 00/100 ($3,833.33)**            Dollars
on the  1ST  day of each month beginning on the     1ST     day of  APRIL      2007
for  9  month(s) succeeding, and a final payment of
**THREE THOUSAND EIGHT HUNDRED THIRTY THREE and 00/100 ($3,833.33)**            Dollars
on the  1ST  day of **FEBRUARY 2008** with interest on the balance of principal remaining from time to time unpaid at the rate of  9%  per cent per annum, payable on the due dates for installments of principal as aforesaid.

   All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of  18  per cent per annum. Payments of both principal and interest shall be made at **ARNOLD AND KADJAN, 19 WEST JACKSON BOULEVARD, CHICAGO, IL 60604-3958** or such other place as the legal holder hereof may from time to time in writing appoint.

   The payment of this Note is secured by a Security Agreement in the nature of a chattel mortgage, bearing even date herewith, from the undersigned to _____
on personal property _____
_____
in the County of _____, Illinois. The undersigned's residence (chief place of business) is at _____
_____, Illinois.

   At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment of principal or interest, or any portion thereof, in accordance with the terms hereof or in case of default as defined in said Security Agreement. In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

   The undersigned hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

   If this Note is signed by more than one person or entity, the obligations and authorizations hereunder shall be joint and several.

   All parties hereto severally waive presentment for payment, notice of dishonor and protest.

RESOLUTION OF REPORTS SEPTEMBER 2006 THROUGH JANUARY 2007

_/s/ Randy Hildeman_
**RANDY HILDEMAN, INDIVIDUALLY**            HILDEMAN PLUMBING, INC.
                                            980 N. MAIN ST
                                            CRETE, IL 60417
                                            PHONE (708)- 672-9030
                                            FAX (708)-672-9037

The maker of this Note acknowledges the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income and Security Act, 29 U.S.C. 1145.

CAUTION:   Consult a lawyer before using or acting under this form. *All warranties, including merchantability and fitness, are excluded.*

5143-50

EXHIBIT B